UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE TAYLOR, | ) | CASE NO. 1:17 CV 2064 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WILLIAM J. EDWARDS, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Eddie Taylor, a federal prisoner, has filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 1.) He sues two Assistant United States Attorneys who successfully prosecuted him for possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and the federal judge who presided and sentenced him in the case. The plaintiff was convicted and sentenced to life in prison in 1996, and the Sixth Circuit subsequently affirmed his conviction and sentence on appeal. *United States v. Eddie Taylor*, 142 F.3d 438, 1998 WL 109979 (6th Cir. March 4, 1998).

The plaintiff's motion to for leave to file a lengthy memorandum in support of this suit (Doc. No. 3) is granted, but for the reasons stated below, his complaint is summarily dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required

under 28 U.S.C. § 1915A to screen all complaints in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint must be dismissed pursuant to § 1915A. The plaintiff contends the Assistant U.S. Attorneys violated his constitutional rights "in charging him with conduct the Constitution strictly forbids the Federal Government to enforce in a nationwide manner," and that the district judge "perpetrated the violations." (Doc. No. 3-1 at 14, ¶ 35). As relief, he seeks a declaratory judgment "requiring the striking down of 21 U.S.C. §§ 841, *et seq.*, as being unconstitutional" and for a writ of mandamus compelling the Assistant U.S. Attorneys to file "instruments to cause the reversal" of his conviction. (*Id*. at 37, ¶ 99.)

No matter what labels the plaintiff uses, he clearly seeks to challenge the validity of his federal criminal conviction and to have it overturned. The proper remedies for a challenge to a federal conviction or sentence, however, are a direct appeal or a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See Agunbiade v. U.S. Drug Enforcement Admin.*, Case No. 94-CV-75048-Y, 1995 WL 871138, at *1 (E. D. Mich. Feb. 22,1995).

Under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a prisoner is precluded from raising constitutional claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." *Heck* applies to civil rights actions brought against federal officials pursuant to *Bivens* (*see Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998)), as well as to actions in which a prisoner seeks injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

The plaintiff's action is barred by *Heck* as he has made no allegation or showing that his federal conviction has been invalidated in any of the ways articulated in *Heck*. *See, e.g., Robinson*, 142 F.3d 905; *Hamilton v. Simpson*, 31 F. App'x 889, 890, 2002 WL 502266, at *1 (6th Cir. March 28, 2002) (both affirming dismissal of claims brought under *Bivens*).

## Conclusion

Accordingly, the Plaintiffs' complaint in this case is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 2/23/18

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE